UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MARIAN L. MINOR,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP
LLC d/b/a ARS ACCOUNT RESOLUTION
SERVICES,

    Defendant.

CASE NO. 0:21-cv-61601

<u>JURY TRIAL DEMANDED</u>

## **COMPLAINT**

NOW comes MARIAN L. MINOR ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides within the Southern District of Florida and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the Southern District of Florida.

1

**PARTIES**

4. Plaintiff is a consumer over 18 years of age.

5. Defendant is a third-party debt collector that has been "in the collections business since 1996."[1] Defendant is a limited liability company organized under the laws of the State of Florida and its principal place of business is located at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, Florida 33323, which lies within the Southern District of Florida. Defendant regularly collects debt from consumers in the State of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect on two past due medical obligations ("subject debt") that Plaintiff allegedly owed.

8. Plaintiff purportedly incurred the subject debt due to medical services she received in or about November and December 2020.

9. Upon information and belief, after Plaintiff's purported default, the subject debt was placed with Defendant for collection purposes.

10. Around early 2021, Plaintiff began receiving voluminous calls to her cellular phone, (470) XXX-9518, from Defendant attempting to collect upon the subject debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9518. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.healthcarerevenuerecoverygroup.com/about-hrrg/

12. Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (800) 694-3048 and (470) 280-7079.

13. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

14. Upon speaking with Defendant, Plaintiff was informed that they were calling to collect upon the subject debt.

15. Plaintiff informed Defendant's representative, Daisy, that Plaintiff did not recognize the subject debt, going on to dispute the subject debt and requesting that Defendant provide her proof that she owed the subject debt.

16. Plaintiff further demanded that Defendant cease contacting her regarding the subject debt.

17. Nevertheless, Defendant continued to place collection calls to Plaintiff's cellular phone regarding the subject debt.

18. Plaintiff did not receive proof of debt during the following weeks.

19. Subsequently, on or about May 3, 2021, Plaintiff answered a call from Defendant's representative by the name of Simon.

20. Plaintiff inquired why she still had not received the proof of debt she had requested around end of March.

21. At that point, Simon hung up on Plaintiff without providing information to Plaintiff's inquiry.

22. Plaintiff became distressed that she was hung up on while she was just trying to gather further information to figure out whether the subject debt was due and owing.

23. After being hung up on, Plaintiff again contacted Defendant, was connected to Simon, and Simon proceeded to immediately hang up on Plaintiff.

24. In need of the information she was attempting to gather from Defendant, Plaintiff called back yet again, this time speaking with another representative by the name of Delmy.

25. Plaintiff explained to Delmy what went on with Simon at which point Delmy also hung up on Plaintiff.

26. Incensed that she was perpetually stymied in her pursuit of further information, Plaintiff called back and spoke with a third representative who then informed that Defendant was not going to send anything out.

27. A short time later, Plaintiff was finally able to speak with Defendant's representative, Daisy, who Plaintiff spoke with weeks before regarding proof of debt.

28. Plaintiff again requested the proof to be sent to her.

29. Plaintiff still has not received the proof up until the filing of this lawsuit.

30. Defendant willfully ignored Plaintiff's demands and deprived her of vital information which she reasonably requested in order to ascertain and chart an intelligent response to Defendant's collection efforts.

31. Furthermore, in addition to Defendant's harassing conduct, despite being aware that Plaintiff disputed the debt and was actively seeking proof she owed the subject debt, Defendant reported the subject debt on Plaintiff's credit report without noting the account as disputed.

32. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in exhausting time and resources.

33. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

34. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

never-ending calls, interfering with Plaintiff's ability to work, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, diminished space for data storage on her cellular phone, risk of harm stemming from inaccurate credit information appearing on her credit reports, and numerous violations of her concrete interests protected by the FDCPA.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though full set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

37. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

38. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

39. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d**

40. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits one from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

5

41. Defendant violated §§ 1692d and d(5) when it repeatedly called Plaintiff after being notified to stop. This recurring behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and persistent nature of calls shows that Defendant willfully ignored Plaintiff's pleas. Defendant placed these calls with the objective of annoying and harassing her.

42. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

43. Furthermore, Defendant violated § 1692d when its representatives repeatedly hung up on Plaintiff and refused to explain why Plaintiff had not and could not be given proof of the subject debt in the mail.

### b. Violations of FDCPA § 1692e

44. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

46. Defendant violated §§ 1692e, e(8), and e(10) when it deceptively reported the subject debt on Plaintiff's credit report without noting the subject debt as disputed. Defendant knowingly failed to communicate that a disputed debt is disputed in connection with its communication of credit information to one or more third party, in direct violation of the FDCPA.

47. Defendant further violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Plaintiff demanded that Respondent stop contacting her, yet persisted in its efforts to collect the subject debt from Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it did not.

### c. Violations of FDCPA § 1692f

48. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

49. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing numerous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

50. Defendant further violated § 1692f when its representatives treated Plaintiff in a rude and unprofessional manner by hanging up on her repeatedly and ignored to advise Plaintiff why she was not receiving any proof of debt in the mail. Instead of supplying this readily acquirable information, Defendant chose to simply continue the calling campaign in the hopes that Plaintiff would succumb to the pressure and make a payment out of despair. Such conduct of Defendant is unfair and unconscionable and proscribed by the FDCPA.

51. Additionally, Defendant violated § 1692f when it unfairly reported the subject debt on Plaintiff's credit report without notating the subject debt as disputed.

WHEREFORE, Plaintiff MARIAN L. MINOR respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 4, 2021                                Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com