# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
### Case No. 0:21-cv-61601-WPD

MARIAN L. MINOR,                    )
                                    )
      Plaintiff,                )
                                    )
v.                                  )
                                    )
HEALTHCARE REVENUE RECOVERY         )
GROUP, LLC d/b/a ARS ACCOUNT        )
RESOLUTION SERVICES                 )
                                    )
      Defendant.                )

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC

COMES NOW Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES ("ARS"), and files its Answer and Affirmative Defenses to the Complaint of Plaintiff, Marian L. Minor ("Plaintiff"), states and alleges as follows:

## NATURE OF THE ACTION

1.    ARS admits the statements contained in Paragraph 1 of the Plaintiff's Complaint for purposes of jurisdiction, venue and claims identification only; otherwise denied. ARS further denies that any violation of the FDCPA has occurred and denies that Plaintiff has any right to relief herein.

## JURISDICTION AND VENUE

2.    ARS admits the allegations in Paragraph 2 of Plaintiff's Complaint for purposes of venue and jurisdiction only; otherwise denied.

3.      ARS admits the allegations in Paragraph 3 of Plaintiff's Complaint for purposes of venue and jurisdiction only; otherwise denied.

## PARTIES

4.      ARS admits that Plaintiff is a consumer; otherwise denied as unknown.

5.      ARS admits the allegations in Paragraph 5 of Plaintiff's Complaint for purposes of venue and jurisdiction only; otherwise denied.

6.      Unknown at this time; therefore denied.

## FACTUAL ALLEGATIONS

7.      ARS admits that the Debtor (Plaintiff) is alleged to owe it debt(s). ARS lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint, and therefore, denies the same for the present time.

8.      ARS admits that the Debtor (Plaintiff) is alleged to owe it debt(s). ARS lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8 of Plaintiff's Complaint, and therefore, denies the same for the present time.

9.      Admitted.

10.     Denied. Defendant demands strict proof thereof.

11.     Unknown at this time; therefore denied.

12.     Unknown at this time; therefore denied.

13.     Unknown at this time; therefore denied.

14.     Unknown at this time; therefore denied.

15.     Unknown at this time; therefore denied.

16.     Unknown at this time; therefore denied.

17.     Unknown at this time; therefore denied.

2

18.     Unknown at this time; therefore denied.

19.     Unknown at this time; therefore denied.

20.     Unknown at this time; therefore denied.

21.     Unknown at this time; therefore denied.

22.     Unknown at this time; therefore denied.

23.     Unknown at this time; therefore denied.

24.     Unknown at this time; therefore denied.

25.     Unknown at this time; therefore denied.

26.     Unknown at this time; therefore denied.

27.     Unknown at this time; therefore denied.

28.     Unknown at this time; therefore denied.

29.     Unknown at this time; therefore denied.

30.     Unknown at this time; therefore denied.

31.     Denied. Defendant demands strict proof thereof.

32.     Denied. Defendant demands strict proof thereof.

33.     Denied. Defendant demands strict proof thereof.

34.     Denied. Defendant demands strict proof thereof.

## COUNT I – FDCPA

35.     ARS reincorporates and re-alleges its responses to Paragraphs 1 through 34 of Plaintiff's Complaint set forth above, as if fully set forth herein.

36.     Admitted.

37.     Admitted to the extent that Defendant utilizes interstate commerce to communicate with consumers and/or responsible parties on behalf of original creditors seeking repayment of underlying debt obligations. Otherwise, denied.

38.     Admitted to the extent that Defendant utilizes interstate commerce to communicate with consumers and/or responsible parties on behalf of original creditors seeking repayment of underlying debt obligations. Otherwise, denied.

39.     Admitted.

40.     Admitted to the extent that the provisions and wording of Sections 1692d and 1692d(5) are self-evident; Defendant denies the applicability or liability to the Plaintiff under these facts and circumstances. Otherwise denied.

41.     Denied. Defendant demands strict proof thereof.

42.     Denied. Defendant demands strict proof thereof.

43.     Denied. Defendant demands strict proof thereof.

44.     Admitted to the extent that the provisions and wording of Section 1692e are self-evident; Defendant denies the applicability or liability to the Plaintiff under these facts and circumstances. Otherwise denied.

45.     Admitted to the extent that the provisions and wording of Sections 1692e(8) and 1692e(10) are self-evident; Defendant denies the applicability or liability to the Plaintiff under these facts and circumstances. Otherwise denied.

46.     Denied. Defendant demands strict proof thereof.

47.     Denied. Defendant demands strict proof thereof.

48.     Admitted to the extent that the provisions and wording of Section 1692f are self-evident; Defendant denies the applicability or liability to the Plaintiff under these facts and circumstances. Otherwise denied.

49.     Denied. Defendant demands strict proof thereof.

50.     Denied. Defendant demands strict proof thereof.

51.     Denied. Defendant demands strict proof thereof.

### DEMAND FOR JURY TRIAL

Defendant requests trial by jury as to any issues remaining after the consideration of dispositive motions.

### AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

52.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

53.     ARS states that if it violated the FDCPA, which it denies, it had established and implemented, with due care, reasonable practice, and procedures to effectively prevent violations of the  FDCPA, and the regulations prescribed thereunder and is entitled to the "bona fide error" defense as provided in Section 1692k.

**THIRD AFFIRMATIVE DEFENSE**

54.     ARS affirmatively asserts that it is not liable to the Plaintiff under Section 1692d(5) since it lacked the requisite "intent" to support said claim.

**FOURTH AFFIRMATIVE DEFENSE**

55.     ARS affirmatively asserts that it is not liable to the Plaintiff under Section 1692d(5) as its frequency of contact is consistent with the allow call pattern under Regulation F

and is entitled to "safe harbor" status under the FDCPA.

ARS reserves the right to supplement these defenses as discovery proceeds. ARS further reserves the right to seek costs and attorney fees in the event the Court deems Plaintiff's action was brought or continued in bad faith and/or for the purpose of harassment.

WHEREFORE, ARS prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted this **2nd** day of **September 2021.**

Respectfully submitted,

_/s/ Ernest H. Kohlmyer, III_
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 0101108

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **September 2, 2021**, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Alejandro E. Figueroa, Esquire
SULAIMAN LAW GROUP, LTD
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
*alejandrof@sulaimanlaw.com*
Counsel for Plaintiff

Respectfully submitted,
**SHEPARD, SMITH, KOHLMYER & HAND, P.A.**

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
SKohlmyer@Shepardfirm.com
*Attorneys for Defendant, ARS*