UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Case No. 21-61954-CIV-KMM | Mockin et al v. National Specialty Insurance Company |
| Case No. 21-61861-CIV-JEM | Casimir v. Enhanced Recovery Company, LLC |
| Case No. 21-61601-CIV-WPD | Minor v. Healthcare Revenue Recovery Group LLC |
| Case No. 21-61967-CIV-RNS | Abercrombie & Fitch Trading Co. v. hcoaustraliasale.com et al |
| Case No. 21-61381-CIV-WPD | Suarez v. The Prudential Insurance Company of America |
| Case No. 21-61115-CIV-WPD | Shimoni v. Bank Of America, N.A. et al |
| Case No. 21-62022-CIV-KMM | Carribbean Soul Mate, LLC et al v. Aspen American Insurance Company |
| Case No. 21-62011-CIV-RNS | Cohan v. Crema Davie LLC |
| Case No. 21-61414-CIV-WPD | Medmarc Casualty Insurance Company v. Stinson et al |
| Case No. 21-61971-CIV-JEM | Joseph v. Radius Global Solutions, LLC |
| Case No. 21-62053-CIV-KMM | Ayuketah v. Experian Information Solutions, Inc. et al |
| Case No. 21-61942-CIV-WPD | Escoffery et al v. Lexington Insurance Company |
| Case No. 21-61818-CIV-WPD | Storm v. LEXINGTON INSURANCE COMPANY |
| Case No. 21-61651-CIV-WPD | Affordable Aerial Photography, Inc. v. Master Touch Pool Services, Inc et al |
| Case No. 21-62118-CIV-RNS | United States of America v. St. Hilaire et al |
| Case No. 21-62117-CIV-RNS | Perez v. Toyota Motor Sales, U.S.A., Inc. et al |
| Case No. 21-62126-CIV-RNS | LEVIN SEGAL v. BROWARD COUNTY |

_____/

**GENERAL ORDER ON DISCOVERY OBJECTIONS AND PROCEDURES**

This matter is before the Court *sua sponte*. The Honorable William P. Dimitrouleas, United States District Judge, has referred discovery matters in this case to the undersigned United States Magistrate Judge. In order to efficiently resolve discovery disputes, the parties are hereby notified that the following rules apply to discovery objections before this Court. In addition, the procedure for filing discovery motions is set forth in Attachment "A" to this Order and is incorporated herein. This procedure does not apply to any discovery motion currently pending before the undersigned, but shall apply to any motion filed after the date of this Order.

**1. Vague, Overly Broad and Unduly Burdensome**

The parties shall not make nonspecific, boilerplate objections. Such objections do

not comply with S.D. Fla. L.R. 26.1(e)(2)(A), which provides, "Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."  Objections that state that a discovery request is "vague, overly broad or unduly burdensome" are, standing alone, meaningless and will be found meritless by this Court.  A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad or unduly burdensome.  *See* Fed. R. Civ. P. 33(b)(4), S.D. Fla. L.R. 26.1(e)(2)(A).  Additionally, if a party believes that a request is vague, the party shall attempt to obtain clarification prior to objecting on this ground.

2.  **Objections Based Upon Scope**

If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope that is not disputed.  For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

3.  **Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence**

An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence.  The parties are reminded that the Federal Rules allow for broad discovery that need not be admissible at trial.  *See* Fed. R. Civ. P. 26(b)(1); S.D. Fla. L.R. 26.1(g)(3)(A); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-52 (1978).

4. **Formulaic Objections Followed by an Answer**

The parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state, "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. This type of objection and answer preserves nothing and serves only to waste the time and resources of the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the question actually has been fully answered or whether only a portion of the question has been answered. *See* Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; S.D. Fla. L.R. 26.1(e)(2)(A).

5. **Objections Based Upon Privilege**

Generalized objections asserting attorney-client privilege or work product doctrine also do not comply with the Local Rules. S.D. Fla. L.R. 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other. The parties are instructed to carefully review this rule and to refrain from objections such as, "Objection. This information is protected by attorney/client and/or work product privilege." If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed to have been waived.

DONE and ORDERED at Fort Lauderdale, Florida this 16th day of July, 2021.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable William P. Dimitrouleas, United States District Judge

All Counsel of Record and/or Pro Se Parties

4

**ATTACHMENT A (Revised July 2020)**

**DISCOVERY PROCEDURES FOR MAGISTRATE JUDGE LURANA S. SNOW**

**THE COURT MAY DECLINE TO CONSIDER A MOTION OR RESPONSE WHICH DOES NOT COMPLY WITH THESE PROCEDURES**

**DISCOVERY MOTIONS AND MOTIONS FOR SANCTIONS UNDER RULE 26 OR 37**

Counsel must actually confer (either in person, via telephone or Zoom (or similar platform)) and engage in a genuine effort to resolve discovery disputes before filing discovery motions.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a motion, no more than 5 pages in length. The moving party may attach as exhibits to the motion materials relevant to the discovery dispute. For example, if the dispute concerns interrogatories, the interrogatory responses (which restate the interrogatories) shall be filed, with an indication of which interrogatories remain in dispute. Because the parties may attach relevant discovery to the motion, compliance with S.D. Fla. L.R. 26.1(g)(2) or (3) is not required. **The movant shall include in the motion a certificate of good faith that complies with S.D. Fla. L.R. 7.1(a)(3) and that specifically states the meaningful telephonic or in person conferral that was made by the parties. A general statement that the parties conferred but were unable to resolve the issues is not sufficient and may result in the Motion being denied without prejudice.**

**RESPONSES and REPLIES TO MOTIONS**

The responding party shall file a response to the discovery motion no later than as provided in the federal procedural rules or as provided by order of the Court. The response shall be no more than 5 pages in length. The responding party may attach as exhibits materials relevant to the discovery dispute, as outlined above.

The reply brief shall be no more than 3 pages in length.

**ADDITIONAL INFORMATION**

These procedures do not relieve parties of the requirements of any Federal Rule of Civil Procedure or Local Rule except as noted above.

The parties shall file a notice in CM/ECF if they resolve some or all of the issues in dispute in the pending motion.

All parties are advised that in accordance with Local Rule 77.1, all forms of equipment or means of photographing, audio- or video- recording, broadcasting or televising are prohibited while the Court is in session or at recess.